## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### *Richmond Division*


**JOSEPH J. DICK, JR.**

                              ***Petitioner,***

**v.**                                    **Civil Action No.:     3:10cv00505**

**HELEN FAHEY, CHAIRPERSON**
**OF THE VIRGINIA PAROLE BOARD,**

                              ***Respondent.***

### BRIEF IN SUPPORT OF OBJECTION TO PETITIONER'S MOTION TO STAY AND HOLD PROCEEDINGS IN ABEYANCE

   The respondent, the Chairperson of the Virginia Parole Board, by counsel, submits the following brief in support of her Objection to the petitioner's Motion to Stay and Hold Proceedings in Abeyance.

   1.     The petitioner filed a petition for a writ of habeas corpus in this Court, pursuant to 28 U.S.C. § 2254, on July 23, 2010.[1]

   2.     The petitioner's criminal convictions for first-degree murder and rape became final for purposes of federal habeas corpus on October 22, 1999. Prior to the current filing in this Court, the petitioner never filed a direct appeal or a state habeas corpus petition. [2]   The petitioner now argues that he has presented a "mixed" habeas petition to this Court, and, pursuant to Rhines v. Weber, 544 U.S. 269 (2005), this Court should stay the federal petition he filed on July 23, 2010, so

---

[1] The Court has not directed the respondent to file a response to the habeas petition.

[2] The Court website for the Circuit Court for the City of Norfolk indicates that the petitioner filed a habeas petition in that court on August 3, 2010.

that he can present a claim in a state court habeas petition.  He seeks to raise a claim in state habeas based on allegations of misconduct by the lead Norfolk police detective in his criminal case.

3.      The petitioner has identified the claim at issue as "5.  Corruption of Investigative Process Claim."  (Hab. Pet. at p. 64).  In the claim, he alleges that Norfolk Detective Robert Glenn Ford was a dishonest police officer who "manipulated the prosecution and distorted evidence," knowing the petitioner was not guilty, in order to protect his career.  (Hab. Pet. at p. 65).  He alleges that, but for Ford's "manipulation of witnesses, the evidence and other actors in the criminal justice system," there would have been no evidence against the petitioner.  (Hab. Pet. at p. 67).  While Rhines does stand for the proposition that a federal court may in the appropriate case stay a habeas proceeding in order to allow a petitioner to return to state court to exhaust an unexhausted claim, the holding in Rhines does not warrant such a result in this case.

### Rhines v. Weber

4.      In Rhines, the Court addressed the remedies available when a petitioner has filed a mixed habeas petition, that is, a petition filed in federal court which contains exhausted and unexhausted claims.  In light of the strictures of the time limitations under the AEDPA, the Court in Rhines ruled that a federal court, in its discretion, may stay the proceedings to allow a habeas petitioner in state custody to return to state court in order to exhaust a claim.  See Rhines, 544 U.S. at 274-77.  The Rhines Court noted that the stay and abeyance procedure should be available only in "limited circumstances." Id. at 277.

5.     The petitioner correctly identifies the test to be applied for the stay and abeyance procedure.  The petitioner must show good cause for his failure to exhaust the claim; the claim must not be plainly meritless; and the petitioner must not seek the remedy as an abusive litigation tactic or for intentional delay.  See id. at 277-78.

### The petitioner's motion

6.     The petitioner argues in his motion that he should be permitted to raise in state court his claim that misconduct by retired Norfolk Detective Ford entitles him to habeas relief.  The petitioner contends "the facts that largely underlie Petitioner's one unexhausted claim arose only two months ago" when Detective Ford was indicted in federal court.  (Motion to Stay at p. 2).  See Case No. 2:10cr-00083.[3]  Ford has not yet been tried on the indictment.

7.     Count 1 in the indictment alleges that Ford conspired to obtain money to which he was not entitled from individuals charged with crimes, in return for helping them secure release on bond, sentence reductions, or other favorable treatment. The indictment alleges that Ford falsely represented to authorities that the individuals provided assistance with homicide investigations.  The dates alleged for the conspiracy are March, 2003 to May, 2007.

8.     The extortion counts charge that Ford improperly accepted payment from individuals in exchange for helping them to receive unjustified reduced sentences or other favorable treatment.  Ford is alleged to have advised authorities that individuals had provided assistance with homicide investigations, when they

---

[3] The indictment was dated May 7, 2010; however, it was unsealed on May 10, 2010.

had not provided such assistance. The extortion counts allege dates in 2005 and 2006. The charge of false statements alleges a date in 2010.

9. All of these dates long post-date Joseph Dick's' trial and conviction.

10. Although the petitioner contends prior to Detective Ford's indictment, "there was no claim #5 to exhaust." (Motion to Stay at p. 3), the allegations in claim #5 in the federal petition do not appear to arise from the detective's indictment.

11. In claim 5 in the newly-filed federal habeas petition, the petitioner makes the general allegation that Ford engaged in "repeated overreaching, purposeful manipulation of the criminal justice process and deliberate misconduct" which deprived the petitioner of a fair trial. (Hab. Pet. at p. 64). He alleges generally that evidence developed since Ford's indictment demonstrates that Ford manipulated the prosecution and distorted evidence. (Hab. Pet. at 65).

12. However, the actual specific allegations in claim 5 do not stem from the new indictment, but concern matters that were available to the petitioner years ago, had he chosen to pursue direct appeal or habeas corpus relief. (Hab. Pet. at 66-67). See generally Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005).

13. The petitioner in the instant matter has not shown good cause for his failure to previously raise the allegations in claim 5 in state court.

### *Virginia Code § 8.01-654(A)(2)*

14. The petitioner argues in his motion that "while it is not clear to Mr. Dick whether state remedies are available for consideration of that claim, it is also not clear that such remedies are unavailable." (Mot. at p. 2). However, Virginia

Code § 8.01-654(A)(2), the state habeas statute of limitations, does not have any exception.  In <u>Hines v. Kuplinski</u>, 267 Va. 1, 591 S.E.2d 692 (2004), the Virginia Supreme Court explicitly held that the statute "contains no exception allowing a petition to be filed after the expiration of these limitations periods."  <u>Id.</u> at 2, 591 S.E.2d at 693.   Hines argued that application of the state habeas statute of limitations in his case would violate the bar against suspension of the writ of habeas corpus contained in the Virginia Constitution because he was not able to discover the basis for his ineffective counsel claim within the statute of limitations.  The  Court  did  not  reach  the  constitutional  claim  because  it determined the record refuted Hines' claim that he was unable to timely discover the claim.  <u>See id.</u>[4]  Indeed, the Court explicitly stated, "Because the record does not support Hines' assertion that he could not have discovered the grounds for his claim of habeas corpus within the period established by Code § 8.01-654(A)(2), we need not address Hines' constitutional argument."  <u>Id.</u> at 3, 591 S.E.2d at 694.[5]

15.     As noted above, the allegations in claim 5 concerning Detective Ford, which the petitioner seeks to present to the state court in a habeas petition, are not dependent on the newly issued indictment of Ford.  There is no basis for

---

[4] The Court noted Hines' delay in filing his habeas petition resulted from his failure to "to take any action" on information available to him until the limitations periods had run.  <u>Id.</u> at 2, 591 S.E.2d at 693-94.
[5] In <u>Haas v. Lee</u>, 263 Va. 273, 278, 560 S.E.2d 256, 258 (2002), the Virginia Supreme Court did not consider the petitioner's claim that the suspension clause in the Virginia Constitution required an exception to Code § 8.01-654(A)(2) when the petitioner could not have discovered the factual basis for his claim before the expiration  of  the  limitations  periods.   That  issue  had  not  been  preserved  for review in that case.

concluding that in the petitioner's case the Virginia state courts would overlook the now well-established state habeas corpus statute of limitations found in Virginia Code § 8.01-654(A)(2).

### *Conclusion*

16.    Having failed to demonstrate good cause for the failure to raise claim 5 in state court before filing his federal habeas petition and having failed to establish that the state court will consider the late-filed claim, the petitioner has failed to establish that he is entitled to have the current federal proceeding stayed and held in abeyance so that he can present the claim to the state court.

WHEREFORE, the respondent objects to the motion of the petitioner and prays the Court will deny the petitioner's motion.

Respectfully submitted,
Helen Fahey, Chairperson of the Virginia Parole Board,
Respondent

/s/_____

Virginia B. Theisen
Senior Assistant Attorney General
Virginia State Bar No. 23782
Attorney for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
804-786-2071
(FAX) 804-371-0151
vtheisen@oag.state.va.us

## **CERTIFICATE OF SERVICE**

On August 5, 2010, I electronically filed this Brief in Support of Objection with the Clerk of Court by using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:  Harmony I. Loube, Esquire, Holland & Knight LLP, 195 Broadway, 24th Floor, New York, NY 10007, harmony.loube@hklaw.com and Rebecca Anne Worthington, Esquire, Squire Sanders & Dempsey LLP, 1201 Pennsylvania Ave, NW, Suite 500, Washington, DC 20004-0407, rworthington@ssd.com,  counsel for the petitioner.

/s/_____

Virginia B. Theisen
Senior Assistant Attorney General
Virginia State Bar No. 23782
Attorney for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
804-786-2071
(FAX) 804-371-0151
vtheisen@oag.state.va.us