IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

**JOSEPH J. DICK, JR.**

    *Petitioner,*

v.                                   Case No. 3:10-cv-00505-RLW
                                     (Related Case to *Danial Williams v.*
                                     *Gene Johnson*, Civ. No. 3:09-769;
                                     *Derek Tice v. Gene Johnson*,
                                     Civ. No: 3:08-69)

**HELEN FAHEY,**
Chair, Virginia Parole Board

    *Respondent.*
_____/

**REPLY TO RESPONDENT'S OBJECTION TO PETITIONER'S MOTION
TO STAY & ABEY PETITION FOR WRIT OF HABEAS CORPUS
TO PERMIT EXHAUSTION OF MERITORIOUS CLAIM**

This Court should grant Joseph J. Dick, Jr.'s Motion to Stay and Abey Petition for Writ of Habeas Corpus and permit Mr. Dick to fully exhaust his new claim for relief in state court. Petitioner has filed a petition for relief in the Circuit Court for the City of Norfolk based on newly learned and previously undiscoverable facts regarding the conduct of the lead detective behind Dick's prosecution. *Dick v. Fahey*, Case No. CL-1000-5111-00, (Va. Cir. Ct. filed Aug. 3, 2010).

Pursuant to the holding of *Rhines v. Weber*, 544 U.S. 269 (2005), this Court should stay the current federal proceedings as Mr. Dick has shown good cause for his failure to previously exhaust the claim, the claim is not plainly meritless, and he is not seeking the

remedy as an abusive litigation tactic or for intentional dely. Therefore, Petitioner respectfully requests that the Motion to Stay and Abey be GRANTED.

Introduction

A district court should grant a motion to stay if (1) the petitioner has good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 278. Mr. Dick has satisfied all the requirements of *Rhines*. He submitted a troubling and likely meritorious claim in state court, and his failure to exhaust it earlier results solely from the fact that much of the underlying information in support of the state claim was unavailable and just came to light since May, 2010. Finally, Mr. Dick's state claim is not an abuse of the litigation process or for intentional delay. After having been wrongly imprisoned for over a decade for a crime he did not commit, and now subject to severely limiting parole conditions, Mr. Dick would like nothing more than to resolve his claims in a timely fashion. The fact that he is not seeking a remedy in the state courts as an abusive litigation tactic will be discussed first, followed by the other two *Rhines* requirements.

I. Petitioner is not seeking the remedy as an abusive litigation tactic or for intentional delay, and has no motive to delay his federal proceedings.

The filing of the state habeas claim is in no way an abusive litigation tactic. Mr. Dick filed the state petition because he was required to do so. This Court is unable to adjudicate a "mixed" petition. *Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("Federal

2

petitions for habeas corpus may be granted only after other avenues have been exhausted.") (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509 (1982)). As explained in Petitioner's Motion to Stay, four of Mr. Dick's claims are fully exhausted, but the remaining claim arises significantly from events which just arose in May, 2010, and state remedies may be available for that claim. Therefore, the state habeas petition cannot be characterized as an "abusive" litigation tactic-- Mr. Dick is pursuing a state remedy because, if he does not, his federal habeas claim may not be considered.

Additionally, there is no reason to construe Mr. Dick's state court filing as an intentional delay of his federal petition. Mr. Dick has nothing to gain by delaying the adjudication of his claims. If this Court eventually decides not to grant his writ of habeas corpus, for all intents and purposes Mr. Dick will be in no worse a position than he is in now. The nature of the instant petition is inapposite from cases brought by habeas petitioners who view a delayed federal petition as advantageous. Mr. Dick is trying to clear his name once and for all so that he may attempt to live his life again without living under the shadow of arduous parole conditions.

II.  Petitioner has good cause for his failure to exhaust his state claim, as the underlying facts were unknown or unknowable to him until May 2010.

Mr. Dick's unexhausted state claim sets forth grave allegations that raise serious questions as to the factual integrity of Mr. Dick's convictions. These allegations are significantly based upon and related to the indictment of former Detective Ford, the lead detective in Mr. Dick's case. Ford was indicted on May 10, 2010 in the Eastern District of Virginia on five counts of official corruption. The indictment alleges, among

3

other things, that Ford conspired to extort payments from criminal defendants in return for favorable treatment and that Ford made materially false statements and misrepresentations to authorities. After obtaining a false confession from Mr. Dick, Ford sought to ensure that Mr. Dick was convicted for the crime, as Ford had previously suffered a demotion for securing false confessions and could face possible negative professional consequences again if it was revealed that he obtained yet another false confession. Had Ford not continually manipulated the witnesses, evidence, and other actors in Mr. Dick's case, there would have been no evidence against Mr. Dick. Ford's actions denied Mr. Dick of his right to a fair adjudication of the charges brought against him contrary to the Fourteenth Amendment of the United States Constitution.

The Respondent accurately notes that all the dates alleged in Ford's indictment post-date Mr. Dick's trial and conviction. (Resp't Opp'n ¶ 9.) However, it does not necessarily follow that the unexhausted state claim does not arise from the indictment. (*Id.* at ¶ 10.) Prior to Ford's indictment, Mr. Dick was wholly unaware-- and indeed could not have been aware, as the information leading to the indictment was gleaned from a federal investigation that was not public knowledge-- of the extent of Ford's abuse of the judicial system. As co-defendant Danial Williams, the petitioner in a related case (Civ. No. 3:09-769), asserted to this Court, "[T]he due process claim contained in the federal petition pending before this Court alleges a *negligent or reckless wrongful prosecution*. In contrast, [the] new due process claim is completely independent in character, scope, and severity: It alleges a *deliberate, intentional, and corrupt prosecution by Ford*." (Williams' Reply to Resp't Opp'n at 5, emphasis in the original.) While

4

cognizant that Ford was an aggressive and abusive detective, until May 2010 Mr. Dick did not know that Ford likely had engaged in such deliberate, egregious, and unlawful behavior; Mr. Dick knew first-hand that Ford was a bully with tunnel vision, but did not and could not know that Ford was also a criminal that subverted the judicial system for his own personal gain.[1] Following the indictment, previously unavailable evidence has developed that Ford manipulated the system in Mr. Dick's case and, although he knew Mr. Dick was innocent, pursued a conviction in order to protect his own career. Information directly related to Mr. Dick's claim, kept from the public eye by individuals that were afraid to tarnish the reputation of a decorated officer or afraid to cross Ford, is now available but was not prior to the indictment.

The indictment, along with subsequent related investigation on behalf of Mr. Dick and other interested parties, has led to newly discovered evidence that raises an unexhausted and likely meritorious claim. Mr. Dick did not and could not have learned of Ford's pattern of corrupt behavior prior to Ford's indictment, and Respondent does not claim otherwise. Ford's indictment was in May of this year, and Mr. Dick has moved to address this new, unexhausted claim in state court without any unreasonable delay.

III.   Petitioner's unexhausted claim is potentially meritorious.

---

[1] Nor was Mr. Dick obligated to assume that every actor for the prosecution was acting in bad faith *See, e.g., Hartman v. Bobby*, 319 Fed. Appx. 370, 372 (6th Cir. 2009) (petitioner filed a successive habeas petition and court granted a stay of execution, as there was previously undiscoverable evidence available, including the fact that petitioner's prison cellmate, who testified at trial that petitioner confessed to him, may have perjured himself).

5

Mr. Dick's unexhausted state claim has the potential to be meritorious. The Fourteenth Amendment of the United States Constitution and the Due Process guarantees of the Virginia Constitution guarantee a fair trial court adjudication. Mr. Dick was deprived of this fundamental right due to Ford's actions.

Additionally, any argument by the Respondent that Mr. Dick's unexhausted state claim cannot be viewed as potentially meritorious since it was not brought within two years from the final judgment or one year from the date of final disposition on direct appeal should be viewed with caution. Under Virginia law it is presently unclear whether Mr. Dick's state habeas petition is time-barred. At least one judge in this Commonwealth has acknowledged that although there is no explicit exception to the habeas statute of limitations for newly discovered evidence, "such an exception **must be read into the statute lest the statute of limitations operate in violation of the Suspension Clause of the Virginia Constitution.**" See Boyce v. Braxton, No. CR70H34158, slip op. at 1-2 (Va. Cir. Ct., Jan. 30, 2006) (emphasis added).[2] Boyce was decided after the Hines and Haas cases that Respondent cites. Additionally, Hines involved a claim which could have been discovered within the statute of limitations. 591 S.E.2d 692, 693-694 (Va. 2004). Hines is inapplicable to Mr. Dick's claim, since, as explained above, the information was not reasonably available prior to May 2010.

---

[2] Other states confronted with similar issues have noted that limitations created by the legislature must be exercised reasonably in order to ensure that similar suspension clauses are not offended. See, e.g., Maryland House of Correction v. Fields, 703 A.2d 167, 175 (Md. 1997) ("While the legislature may 'reasonably' regulate the issuance of the writ, any legislatively imposed regulations must not impair the fundamental right to the substantive remedy of habeas corpus."); Bartz v. State, 839 P.2d 217, 224 (Or. 1992) (noting that procedures must not be tantamount to a suspension of the system of habeas corpus).

Not considering Mr. Dick's petition would be unreasonable and a violation of Virginia's Suspension Clause. Mr. Dick did not have an earlier opportunity to raise his unexhausted state claim, thereby waiving it; instead, he has moved the state court for a remedy as soon as he was reasonably prepared to do so. It is possible that the state court may find an exception to the statute of limitations since the evidence is newly discovered and could not have been discovered previously, and that therefore Mr. Dick's claim is potentially meritorious.

## Conclusion

For the foregoing reasons, this Court should grant Joseph Dick, Jr.'s Motion to Stay and Abey Petition for Writ of Habeas Corpus and permit Mr. Dick to fully exhaust his new claim for relief in state court.

Dated: August 9, 2010

Respectfully submitted,

Counsel for Petitioner

George H. Kendall
Corrine Irish
Squire Sanders & Dempsey, LLP
30 Rockefeller Plaza
New York, NY 10112
212-872-9800
gkendall@ssd.com
cirish@ssd.com
*Applications for Pro Hac Vice forthcoming*

Rebecca A. Worthington
Virginia Bar Number 79232
Squire Sanders & Dempsey, LLP

Suite 500
1201 Pennsylvania Avenue, N.W.
Washington, District of Columbia 20004
202-626-6654
rworthington@ssd.com

Harmony I. Loube
Virginia Bar Number 68379
Holland & Knight LLP
31 W. 52nd Street
New York, New York 10019
212-513-3383
harmony.loube@hklaw.com

by: *[signature: Rebecca Worthington]*

8

## Certificate of Service

I hereby certify that on August 9th, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Virginia B. Theisen
Senior Assistant Attorney General
Virginia State Bar No. 23782
Attorney for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
vtheisen@oag.state.va.us
*Counsel for Respondent*

Counsel for Petitioner

George H. Kendall
Corrine Irish
Squire Sanders & Dempsey, LLP
30 Rockefeller Plaza
New York, NY 10112
212-872-9800
gkendall@ssd.com
cirish@ssd.com
*Applications for Pro Hac Vice forthcoming*

Rebecca A. Worthington
Virginia Bar Number 79232
Squire Sanders & Dempsey, LLP
Suite 500
1201 Pennsylvania Avenue, N.W.
Washington, District of Columbia 20004
202-626-6654
rworthington@ssd.com

Harmony I. Loube
Virginia Bar Number 68379
Holland & Knight LLP
31 W. 52nd Street
New York, New York 10019
212-513-3383
harmony.loube@hklaw.com

by: /s/ Rebecca Worthington