IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOSEPH J. DICK, JR.,

    Petitioner,

v.                                       Civil Action No. 3:10CV505

HELEN FAHEY,

    Respondent.

## MEMORANDUM OPINION

Joseph J. Dick, Jr., a Virginia probationer with counsel, brings this petition for a writ of habeas corpus challenging his convictions in the Circuit Court for the City of Norfolk ("the Circuit Court") for the murder and rape of Michelle Bosko. The matter is before the Court on Dick's Motion to Stay and Abey Petition to Permit Exhaustion ("Motion to Stay"). Respondent has objected to the Motion to Stay. For the reasons that follow, the Court will grant the Motion to Stay and hold the § 2254 Petition in abeyance pending exhaustion of state court remedies.

### I. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

"On July 8, 1997, William Bosko returned to his home in Norfolk from a Navy cruise. He found his wife, Michelle Bosko (hereinafter 'Michelle'), murdered in the bedroom of their apartment." *Tice v. Johnson*, 3:08cv69, 2009 WL 2947380, at *1 (E.D. Va. 2009). The police investigation quickly focused on Danial Williams, who was a neighbor of the Boskos. *Id.* "On July 9, 1997, after questioning by the police, Williams confessed to raping and stabbing Michelle. Williams's statement indicated that he acted alone in raping and murdering Michelle." *Id.* "In late December of 1997, DNA testing conclusively eliminated Williams as the source of DNA found at the crime scene. Investigators turned their attention to Williams's roommate, a

sailor, Joseph Dick. . . . Dick eventually admitted that he participated in raping and murdering Michelle with Williams." *Id.* On April 20, 1999, Dick pled guilty to first degree murder and rape. (§ 2254 Pet. 2.) The Circuit Court sentenced Dick to two terms of life imprisonment without the possibility of parole. (*Id.*)

"[A]lthough the police progressively obtained confessions from four men who admitted to committing the crimes against Michelle Bosko, the confessions repeatedly failed to square with each other or the biological evidence recovered from the victim's person. Eventually, five men were convicted with respect to crimes against Michelle Bosko: Derek Tice, Danial Williams, Joseph Dick, Eric Wilson, and Omar Ballard." *Tice*, 2009 WL 2947380, at *1.

On August 6, 2009, Governor Kaine issued a conditional pardon to Dick that keeps in place Dick's convictions, but released him from incarceration and placed him on supervised parole. (§ 2254 Pet. 3.) "Governor Kaine concluded that Mr. Dick raised 'substantial doubt' about the validity of his conviction, but had not 'conclusively established his innocence.'" (*Id.*) On September 14, 2009, this Federal District Court found that Tice was entitled to federal habeas relief with respect to his convictions for the rape and murder of Michelle. *Tice*, 2009 WL 2947380, at *1. The Court found that counsel was deficient for failing to move to suppress Tice's confession on the ground that such confession was made after Tice had invoked his right to remain silent. *Id.* at *1. The Court concluded that, with the exclusion of Tice's confession, "the prosecution's case against Tice would be left awash in doubt." *Id.* at *22.[1]

---

[1] In finding that Tice had demonstrated prejudice, the Court concluded:

> There was no physical evidence linking Tice to the crimes or suggesting that Tice acted in concert with the individuals who had committed the crimes. Indeed, the physical evidence tended to refute the theory that the rape and murder had been

2

On July 23, 2010, Dick filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 with the Court. Dick contends that he is entitled to relief because: he is actually innocent (Claim One); he was denied the effective assistance of counsel (Claim Two); his guilty plea was involuntary (Claim Three); the prosecution suppressed exculpatory evidence (Claim Four); and "Det[ective] Ford, the key investigator in this case and driving force to see that Mr. Dick was convicted and sentenced, deprived Mr. Dick of a fundamentally fair trial court adjudication in violation of the Fourteenth Amendment to the United States Constitution" by "[r]epeated overreaching, purposeful manipulation of the criminal justice process and deliberate misconduct" (Claim Five). (§ 2254 Pet. 64.) Dick represents that the facts that support his fifth claim only recently came to light with the indictment of Detective Ford on May 7, 2010 on federal corruption charges.[2]

---

> committed by multiple individuals. Although the prosecution alleged that eight men had crowded into the bedroom to rape Michelle, and then took turns stabbing her, there was remarkably little sign of such violent activity by so many men in such a confined space. Furthermore, the wounds to Michelle did not indicate that she had been the victim of serial stabbing by seven or eight different individuals. Additionally, while multiple DNA deposits were found at the crime scene, they were traced only to one individual, Omar Ballard.

*Tice*, 2009 WL 2947380, at *22.

[2] In that indictment, Ford was charged with: conspiracy to commit extortion under color of official right, in violation of 18 U.S.C. § 1951 (Count One); extortion under color of official right, in violation of 18 U.S.C. § 1951 (Counts Two through Four); and making false statements, in violation of 18 U.S.C. § 1001(a)(2) (Count Five). *United States v. Ford*, 2:10cr00083-JBF-FBS (E.D. Va. Indictment filed May 7, 2010). The charges involved allegations that, in exchange for money, Ford falsely represented to state and federal officials that he had received substantial assistance in criminal investigations from defendants. *Id.* On October 27, 2010, Ford was convicted of Counts One, Two, and Five. *Id.* (E.D. Va. Jury Verdict Form filed Oct. 27, 2010). The parties do not suggest that the federal criminal charges against Ford involved misconduct in the prosecution of the Bosko rape and murder.

3

Dick asserts that state court remedies are exhausted for Claim One through Four in that there are no state remedies available for those claims. (Mot. to Stay ¶ 2.)[3] Dick further asserts that Claim Five "is based significantly upon events which just arose in May, 2010. While it is not clear to Mr. Dick whether state remedies are available for consideration of that claim, it is also not clear that such remedies are unavailable." (*Id.*) On August 3, 2010, Dick filed a petition for a writ of habeas corpus with the Circuit Court raising Claim Five.

## II. GOVERNING PRINCIPLES FOR STAY AND ABEYANCE

Prior to the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA), it was well established "that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (*citing Rose v. Lundy*, 455 U.S. 509 (1982)). Such a rule was driven by the doctrine of comity, which "'teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.'" *Id.* at 274 (additional internal quotation marks omitted) (*quoting Lundy*, 455 U.S. at 518)). Therefore, the Supreme Court imposed a "'total exhaustion'" requirement, and "directed federal courts to

---

[3] Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Here, Dick asserts that Claims One through Four are exhausted in that there are no available state remedies for those claims.

effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Id.* (*quoting Lundy*, 455 U.S. at 522). "*Lundy* 'contemplated that the prisoner could return to federal court after the requisite exhaustion.'" *Id.* (*quoting Slack v. McDaniel*, 529 U.S. 473, 486 (2000)).

In *Rhines*, the Supreme Court acknowledged that AEDPA's one-year statute of limitations and the total exhaustion requirement could unfairly disadvantage some habeas petitioners. *Id.* at 275. Specifically, "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," if a court simply dismisses the petition without prejudice. *Id.* In order to address this problem, the Supreme Court approved a stay-and-abeyance procedure, wherein the district court stays the federal habeas petition and "hold[s] it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.*

The Supreme Court emphasized that a court's discretion in employing the stay and abeyance procedure "must . . . be compatible with [the] AEDPA's purposes. *Id.* at 276. In this regard, the Supreme Court emphasized the AEDPA "twin purposes," *id.* at 277: (1) "to 'reduce delays in the execution of state and federal criminal sentences, particularly in capital cases'" *id.* at 275 (*quoting Woodford v. Garceau*, 538 U.S. 202, 206 (2003)); and (2) to "streamlin[e] federal habeas proceedings by [encouraging] a petitioner[] . . . to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277 (*citing Duncan v. Walker*, 533 U.S. 167, 180 (2001)).

5

Although "stay and abeyance should be available only in limited circumstances," *id.*, the Supreme Court concluded:

> it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if [(1)] the petitioner had good cause for his failure to exhaust, [(2)] his unexhausted claims are potentially meritorious, and [(3)] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Id.* at 278. Under such circumstances, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

### III. ANALYSIS

Prior to addressing the specific factors set forth in *Rhines*, the unusual posture of this case warrants a brief comment. First, because the former governor has commuted Dick's active prison term, Virginia's interest in the speedy execution of its criminal sentences is at a particularly low ebb. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (*quoting Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). Second, because Dick already is litigating Claim Five before the Circuit Court, the doctrine of comity suggests that this Federal District Court should refrain from any undue analysis of the merits of Claim Five. *See id.* at 274 (*quoting Lundy*, 455 U.S. at 518)).

#### A. Dick Has Stated Good Cause.

Under the first factor, the Court must determine whether "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. The Supreme Court's limited comments on what constitutes good cause to warrant stay and abeyance do not indicate that the standard is meant to be inordinately demanding. *See Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005) (observing that a "petitioner's reasonable confusion about whether a state filing

6

would be timely will ordinarily constitute 'good cause' for him to file in federal court" (*citing Rhines*, 544 U.S. at 278)); *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (concluding "good cause for failing to exhaust state remedies more promptly is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner" (internal quotation marks and citation omitted)). Furthermore, numerous courts have concluded the recent discovery of new evidence to support a claim constitutes good cause. *See Cueto v. McNeil*, No. 08-22655-CIV, 2010 WL 1258065, at *15 (S.D. Fla. Mar. 12, 2010) (citing cases); *United States ex rel. Strong v. Hulick*, 530 F. Supp. 2d 1034, 1043 (N.D. Ill. 2008).[4] Respondent does not take issue with the notion that newly discovered evidence can constitute good cause. Rather, Respondent challenges Dick's assertion that Ford's indictment constitutes new evidence to support a claim distinct from any claim previously available to Dick.

The Court disagrees that, prior to the indictment of Ford, Dick could have fully exhausted the factual underpinnings of Claim Five. "The exhaustion doctrine is not satisfied where a federal habeas petitioner presents evidence which was not presented to the state court and which places his case 'in a significantly different and stronger evidentiary posture than it was when the state courts considered it.'" *Wise v. Warden, Md. Penitentiary*, 839 F.2d 1030, 1034 (4th Cir. 1988) (*quoting Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983)). Prior to Ford's indictment, Dick could only speculate as to any corruption or intentional misconduct on the part of Ford. *See Fairchild v. Workman*, 579 F.3d 1134, 1149 (10th Cir. 2009) ("A claim is more than a mere

---

[4] Indeed, the Commonwealth of Virginia has previously agreed that stay and abeyance is the appropriate remedy where new evidence supports an unexhausted claim, but statute of limitations concerns could bar that claim if the Court dismissed the federal habeas petition as unexhausted. Joint Motion For Stay, *Boyce v. Braxton*, 3:05cv558-JRS (E.D. Va. filed Nov. 15, 2005).

theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis." (internal quotation marks and citation omitted)). Ford's proven misconduct in manipulating the justice system for his own ends places Claim Five "'in a significantly different and stronger evidentiary posture'" than it was prior to the initiation of the criminal proceedings against Ford. *Wise*, 839 F.2d at 1034 (*quoting Brown*, 701 F.2d at 495).[5] Accordingly, the Court finds that Dick has demonstrated good cause for not exhausting Claim Five prior to the initiation of the federal habeas proceedings.

B.  **Claim Five Is Potentially Meritorious.**

Ford's recent convictions lend factual heft to Dick's claim that Ford manipulated the investigation and prosecution of the crimes against Michelle Bosko to cover Ford's misconduct and to further Ford's corrupt purposes. *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997). Such allegations, if proven, could potentially entitle Dick to habeas relief. *See Ferrara v. United States*, 456 F.3d 278, 290–98 (1st Cir. 2006); *see also Rhines*, 544 U.S. at 277 (requiring only that the unexhausted claim not be "plainly meritless" (*citing* 28 U.S.C. § 2254(b)(2))).

Nevertheless, Respondent asserts stay and abeyance would be a useless exercise because the Virginia courts will find Dick's state habeas petition barred by section 8.01-654(A)(2) of the Virginia Code. That statute provides, in pertinent part, "A habeas corpus petition attacking a criminal conviction or sentence, except . . . for cases in which a death sentence has been

---

[5] The parties have not addressed in detail the particular strain of due process implicated by Claim Five. *Gray v. Netherland*, 99 F.3d 158, 162 (4th Cir. 1996) ("When the appeal is to a constitutional guarantee as broad as due process, it is incumbent upon a habeas petitioner to refer to the particular analysis developed in cases and not just to due process in general in order to present his claim." (internal quotation marks omitted)). If there were any suggestion that Dick had engaged in dilatory litigation tactics, the Court would be inclined to require Dick to define more clearly the legal parameters of Claim Five.

8

imposed, shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code. Ann. § 8.01-654(A)(2) (West 2011).

However, interpretation of that statute does not appear to be as straightforward as Respondent suggests. The Supreme Court of Virginia has observed, "The statute contains no exception allowing a petition to be filed after the expiration of these limitations periods." *Hines v. Kuplinski*, 591 S.E.2d 692, 693 (Va. 2004). In *Hines*, the petitioner asserted that, if applied to him, section 8.01-654(A)(2) of the Virginia Code "violates the bar against suspension of the writ of habeas corpus, Art. I, § 9 of the Constitution of Virginia, because he was not able to discover the basis for his claims of ineffective assistance of counsel within the time period provided for filing a petition." *Id.* Ultimately, the Supreme Court of Virginia declined to reach that issue because it concluded the petitioner could not prove the "predicate for his claimed right to a late filed petition: that he was unable to discover the basis for his claims of ineffective assistance of counsel within the period provided by Code § 8.01-654(A)(2)." *Id.* Thus, *Hines* does not conclusively decide the issue of whether Virginia courts will ultimately find Claim Five barred by the state statute of limitations.

Moreover, Dick points to one decision where a Virginia court concluded "that although there is no explicit exception to the habeas statute of limitations for newly discovered evidence, 'such an exception **must be read into the statute lest the statute of limitation operate in violation of Suspension Clause of the Virginia Constitution.**'" (Pet'r's Reply 6 (*quoting Boyce v. Braxton*, No. CR70H34158, slip op. at 1-2 (Va. Cir. Ct. Jan. 30, 2006)). Furthermore,

9

nothing before the Court suggests that the Circuit Court has applied what Respondent characterizes as a straightforward bar to dismiss Dick's state habeas petition in the more than six months his state habeas petition has been pending. The ultimate uncertainty of the application of the state statute of limitations in this instance undercuts Respondent's argument that pursuit of state habeas would be futile. *See Howard v. Norris*, 616 F.3d 799, 801 (8th Cir. 2010) ("'If a federal court is unsure whether a claim would be rejected by the state courts, the habeas proceeding should be . . . stayed while the claim is fairly presented to them.'" (omission in original) (*quoting Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995))).

### C. No Indication Exists that Dick Engaged in Intentionally Dilatory Litigation Tactics with Respect to Claim Five.

Dick filed his new state habeas petition within a few months after Ford's indictment was unsealed. No indication exists that Dick is seeking to delay his federal habeas proceeding in order to gain some advantage.

### IV. CONCLUSION AND FURTHER PROCEEDINGS

In light of the foregoing factors, Dick's "interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).[6] Accordingly, Dick's Motion to Stay (Docket No. 2) will be GRANTED. The present action will be STAYED AND HELD IN ABEYANCE pending

---

[6] The Court's exercise of discretion in staying and holding in abeyance the federal habeas proceeding is not intended to address the distinct question of which, if any, of Dick's claims are barred by the statute of limitations under 28 U.S.C. § 2244(d). *See Escamilla v. Jungwirth*, 426 F.3d 868, 869–72 (7th Cir. 2005). In *Escamilla*, the district court stayed the § 2254 petition to permit the petitioner to exhaust his new claims, and then ultimately dismissed all of the claims as barred by the statute of limitations. *Id.*

resolution of Dick's state habeas petition and any collateral appeal to the Supreme Court of Virginia (collectively "the state habeas proceedings").

Dick shall FILE with the Court a report every ninety (90) days regarding the status of the state court proceedings. Dick shall promptly notify the Court upon the conclusion of the state court proceedings and be prepared to file any additional amended petition, in accordance with the instructions of this Court, within thirty (30) days of the conclusion of the state court proceedings.

An appropriate Order shall issue.

Dated: 6/14/11
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge