UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| JOSEPH DICK, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Case No. 3:10-cv-00505-JAG |
| | : | |
| HELEN FAHEY, | : | |
| CHAIR OF THE VIRGINIA | : | |
| PAROLE BOARD, | : | |
| | : | |
| Respondent. | : | |

**PETITIONER JOSEPH DICK'S REPORT
CONCERNING A PROPOSED COURSE OF ACTION**

**I. Introduction**

Petitioner Joseph Dick submits this Report Concerning a Proposed Course of Action in the above-captioned case involving his Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Mr. Dick is joined in this request by his Co-Petitioner, Danial Williams, a co-defendant who was prosecuted and convicted for the same crime and who has sought identical habeas relief on parallel grounds as Petitioner.

As described in more detail below, Petitioners jointly request that the Court adopt a course of proceedings that would include the following: (1) an initial discovery period; (2) a subsequent determination by the Court that Petitioners have timely asserted one pleaded claim—the intentional due process claim stemming from the revelation of former Detective Robert Ford's misconduct—and further demonstrated sufficient evidence of their possible innocence in order to excuse any procedural defaults and/or time bars and to entitle them to an evidentiary hearing on the merits of all of Petitioners' claims or, in the alternative, a limited evidentiary

hearing in order to make such a determination concerning Petitioners' actual innocence and *Schlup* gateway showing; and finally (3) a full evidentiary hearing on the merits all of Petitioners' claims.

Petitioners' cases are extraordinary for a number of reasons: First, Petitioners come to this Court seeking habeas relief after they already have been released from their life-without-parole sentences for rape and murder and have received conditional pardons from a Virginia governor. After an exhaustive review of the prosecution's evidence and Petitioners' evidence of innocence, then-Governor Timothy Kaine concluded in 2009 that clemency relief was appropriate because he had "grave doubts" about Petitioners' guilt.

Second, in a startling development that occurred after their release by Governor Kaine, Ford (the lead detective who directed every aspect of the rape/murder investigation and coerced Petitioners' false confessions) was indicted and convicted in 2010 on federal corruption and conspiracy charges involving manipulation of the criminal justice system, lying to prosecutors and judges, and making false statements to federal agents, all in pursuit of Ford's own financial and career gain. Ford's conviction casts a broad taint on every aspect of the investigation, prosecution, and conviction of Petitioners and their co-defendants. Moreover, Ford's federal convictions form the basis for Petitioners' intentional due process claims that Ford manipulated and corrupted Petitioners' prosecution, twisted evidence, and pursued Petitioners' investigation and prosecution despite his belief that they were innocent.

Finally, one of Petitioners' co-defendants, Derek Tice, won full habeas relief and had his convictions in this case vacated by the late Judge Williams after the Court found that his confession should have been suppressed. A unanimous panel of the United States Court of Appeals for the Fourth Circuit subsequently affirmed Judge Williams' grant of habeas relief on

appeal. The Commonwealth then moved to dismiss all charges against Mr. Tice, a request that was granted by the Circuit Court for the City of Norfolk. When he moved to dismiss the charges against Tice, the lead prosecutor acknowledged in open court that: "We don't have sufficient evidence without the confession." Petitioners' cases are identical to Mr. Tice's case in that respect. Without their coerced false confessions, the Commonwealth has absolutely no evidence against Petitioners.

The Petitioners therefore request that the Court schedule a status hearing in December 2011 in order to establish a schedule for discovery and in order to determine, after hearing from the parties, how to proceed on the various claims in this case that present in differing procedural and substantive postures.

## II. Proposed Course of Action

### A. Petitioners Are Entitled to Discovery and Request That the Court Establish a Discovery Schedule.

Petitioners come before this Court having persuaded Virginia Governor Timothy Kaine to grant them extraordinary clemency relief because of compelling evidence of their innocence. Yet, to date, other than very minimal discovery provided by the Commonwealth during the pre-trial phases of their cases, Petitioners have not received any discovery or documents from the Commonwealth's voluminous police and prosecution files compiled in this case. To date, to demonstrate their innocence in these cases and to advance the meritorious claims pleaded in their petitions, Petitioners have relied upon publicly available records; their own comprehensive investigations; and nationally recognized experts in forensic pathology, violent crime analysis and crime scene reconstruction, police interrogations and false confessions, and DNA analysis.

Discovery is appropriate for several reasons in this unique case.[1] In order to show that they brought their intentional due process claim related to Ford's recently disclosed misconduct promptly and diligently as soon as they were able to do so, Petitioners seek discovery to counter the Respondent's likely assertions that the Petitioners could have and should have brought those claims earlier. For example, Ford's federal indictment, that was unsealed in May 2010, revealed for the first time charges supported by abundant evidence that Ford was a corrupt officer willing to manipulate evidence and to lie, both in and outside of court, to further his career and to line his pockets with tens of thousands of dollars in illegal cash payments. The Commonwealth's files and other sources of discovery likely will contain evidence demonstrating that no one in the Norfolk Commonwealth's Office or the Norfolk Police was aware of Ford's corruption scheme, and that it is unreasonable therefore to assert that the Petitioners should have or could have known about his criminal misconduct prior to the unsealing of Ford's federal indictment.

In addition, the Petitioners have presented corroborated support for their allegations that the Commonwealth repeatedly suppressed exculpatory evidence during the investigation and prosecution in this case. Those *Brady* violations, combined with the revelations about Ford's corruption scheme, support granting to Petitioners discovery of records from the Commonwealth's files that corroborate their claims of innocence. Given the documented instances of the suppression of exculpatory evidence in this case and Ford's criminal misconduct, it is reasonable to conclude that additional exculpatory evidence supporting Petitioners' innocence exists in government files that have to date remained beyond Petitioners' reach.

Finally, Petitioners have encountered substantial resistance in their efforts to discover additional evidence to further support their claims. The Norfolk Police Department has barred

---

[1] Petitioners intend to file a comprehensive discovery request at the appropriate time in this case.

its officers from sharing information they possess and wish to share with the Petitioners about Ford's misconduct, and Respondent's counsel has rebuffed requests from Petitioners to facilitate their efforts to obtain permission to speak with Norfolk police officers. Other witnesses have expressed concerns about retaliation if they share relevant information they possess related to Petitioners' claims.

For these reasons, Petitioners intend to prepare and to file a detailed and specific Motion for Discovery seeking relevant records and other discovery that will support the claims they have brought in their Petitions.

> **B.     Petitioners Have Demonstrated Sufficient Evidence of Actual Innocence to Justify Consideration of the Merits of Their Claims After an Evidentiary Hearing or, in the Alternative, Petitioners Are Entitled to a Preliminary Evidentiary Hearing to Establish Sufficient Evidence of Innocence for Consideration of Their Claims.**

Numerous courts, including the United States Supreme Court, have recognized that petitions for habeas corpus relief in the federal courts may proceed years after convictions and despite significant procedural barriers and even after statutes of limitations have passed when petitioners present compelling claims of innocence. *See Schlup v. Delo*, 513 U.S. 298, 319–21 (1995); *House v. Bell*, 547 U.S. 518 (2006); *In Re Troy Davis*, 130 S. Ct. 1 (2009) (original petition); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc); *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005); *Lopez v. Trani,* 628 F.3d 1228, 1230–31 (10th Cir. 2010); *San Martin v. McNeil*, 633 F.3d 1257, 1267–68 (11th Cir. 2011). When petitioners proffer sufficiently compelling claims of innocence, federal courts can order full evidentiary hearings to determine the merits not only of actual innocence claims, but also the merits of accompanying claims involving other serious constitutional errors that otherwise might be procedurally defaulted or time-barred. *Davis*, 130 S. Ct. at 1–2; *Schlup*, 513 U.S. at 317, 323–32; *House*, 547 U.S. at 536–

40, 554–55.  Such compelling proffers of innocence act as a gateway to evidentiary hearings on the merits of the actual innocence claims and accompanying constitutional claims. *Schlup*, 513 U.S. at 317, 323–32; *House*, 547 U.S. at 536–40, 554–55.

The detailed and corroborated habeas petitions submitted by Danial Williams and Joseph Dick provide sufficiently compelling evidence of innocence to justify a full evidentiary hearing on all of Petitioners' claims.  Valid and sound DNA analysis has both identified the real rapist and killer, Omar Ballard, who repeatedly asserted he committed these crimes alone, and dispositively excluded Willams, Dick, and their co-defendants.   The crime scene condition and autopsy results contain a wealth of proof that Ballard alone raped and murdered the victim and meshes perfectly with the initial conclusion of the Norfolk investigators during the first five months of their investigation that a single perpetrator committed the crime.  The demonstrably false confessions of Petitioners and their co-defendants, the Petitioners' corroborated alibis and those of several of their co-defendants, and the litany of misconduct, mistakes, and missteps that riddled the investigation and prosecution of this crime, including Ford's corruption, evidence that Petitioners are innocent of these crimes. Finally, Governor Kaine's grant of conditional pardons releasing Petitioners from the life-without-parole sentences after a thorough, three-year long investigation and his conclusion that he had "grave doubts" about Petitioners' guilt lend still more support that Petitioners have proffered sufficient and compelling evidence of their innocence to merit a full evidentiary hearing on their claims, as Governors rarely take such extraordinary action.

For all of these reasons, Petitioners propose that after permitting a period of discovery, the Court schedule a comprehensive evidentiary hearing on all of Petitioners' claims.[2]  However,

---

[2] Petitioners do not suggest that their Report Concerning a Proposed Course of Action constitute full briefing on the procedural and substantive issues related to their claims.  Instead, the discussion above is proffered to

if the Court does not believe it can determine whether Petitioners' evidence of innocence satisfies the *Schlup* gateway requirement for full consideration of all of Petitioners' claims based on the evidence currently before it, Petitioners propose that the Court hold a preliminary and more limited hearing so that Petitioners can present evidence to meet that threshold requirement. Petitioners propose that hearing be held after the initial discovery period to ensure that all of the available evidence in support of their initial showing of innocence can be available and presented at that hearing. Following that showing, Petitioners propose that the Court schedule a full evidentiary hearing on all of Petitioners' claims.

### III. Conclusion

For the foregoing reasons, Petitioners request that the Court schedule a status hearing in December 2011 in order to establish a schedule for discovery and in order to determine, after hearing from Petitioners and Respondent, how to proceed on the various claims in this case.

                                                                    Respectfully,

Date: Nov. 17, 2011                                     <u>/s/ Rebecca. A. Worthington</u>

                                                                  Counsel for Petitioner

                                                                  George H. Kendall (*Pro Hac Vice*)
                                                                  Corrine Irish (*Pro Hac Vice*)
                                                                  Squire Sanders & Dempsey (US) LLP
                                                                  30 Rockefeller Plaza
                                                                  New York, NY 10112
                                                                  212-872-9800
                                                                  gkendall@ssd.com
                                                                  cirish@ssd.com

                                                                 Rebecca A. Worthington (VSB #79232)
                                                                 Squire Sanders & Dempsey (US) LLP

---

    demonstrate the complex procedural and substantive issues that the Court must confront in considering Petitioners' claims, and to support Petitioners' request for a status hearing where these issues can be preliminarily addressed.

Case 3:10-cv-00505-JAG Document 18 Filed 11/17/11 Page 8 of 9 PageID# 155

1200 19th Street, N.W. Suite 300
Washington, D.C. 20036
202-664-6654
rworthington@ssd.com

Harmony I. Loube (VSB #68379)
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, DC 20006
202-469-5175
harmony.loube@hklaw.com

8

**Certificate of Service**

I hereby certify that on Nov. 17, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system which will then send a notification of such filing (NEF) to the following:

>Virginia B. Theisen
>Senior Assistant Attorney General
>Office of the Attorney General
>900 East Main Street
>Richmond, VA 23219
>vtheisen@oag.state.va.us
>Counsel for Respondent

>Counsel for Petitioner
>
>George H. Kendall (*Pro Hac Vice*)
>Corrine Irish (*Pro Hac Vice*)
>Squire Sanders & Dempsey, LLP
>30 Rockefeller Plaza
>New York, NY 10112
>212-872-9800
>gkendall@ssd.com
>cirish@ssd.com
>
>Rebecca A. Worthington (VSB #79232)
>Squire Sanders & Dempsey, LLP
>Suite 500
>1201 Pennsylvania Avenue, N.W.
>Washington, District of Columbia  20004
>202-664-6654
>rworthington@ssd.com
>
>Harmony I. Loube (VSB #68379)
>Holland & Knight LLP
>31 W. 52nd Street
>New York, New York 10019
>(212) 513-3383
>harmony.loube@hklaw.com
>
>by:/s/ Rebecca A. Worthington